**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Kimberly Frakes,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-CV-03727** |
| | § | |
| **Lincoln Life Assurance Company of Boston; Lincoln Financial Group A.K.A. and D.B.A. The Lincoln National Life Insurance Company Disability and Life Claims; SavaSeniorCare Administrative Services,** | ) | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT AND THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S COUNTERCLAIM**

Defendants Lincoln Life Assurance Company of Boston and Lincoln Financial Group a/k/a and d/b/a The Lincoln National Life Insurance Company (collectively "Lincoln")[1] and SavaSeniorCare Administrative and Consulting LLC f/k/a SavaSeniorCare Administrative Services LLC ("SavaSeniorCare") (Lincoln and SavaSeniorCare collectively "Defendants") file this Answer to Plaintiff's Original Complaint (the "Complaint") filed by Plaintiff Kimberly Frakes ("Plaintiff"), and Lincoln files a counterclaim through its undersigned counsel and state as follows:

1. Defendants admit that, by the Complaint, Plaintiff is seeking recovery of disability benefits from the SavaSeniorCare Administrative Services, LLC and Affiliated Entities Long

[1] The correct name of the Lincoln Defendant in this action is The Lincoln National Life Insurance Company. The Lincoln National Life Insurance Company (incorrectly named in the Complaint as "The Lincoln National Life Insurance Company Disability and Life Claims") was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston) was the issuer of the relevant disability insurance policy. However, Lincoln Life Assurance Company of Boston has now merged with The Lincoln National Life Insurance Company. There is no entity named "Lincoln Financial Group" as that is the marketing name for Lincoln National Corporation and its affiliates. Accordingly, "The Lincoln National Life Insurance Company" is the correct name of the Defendant in this action.

Term Disability Plan (the "LTD Plan"), and Defendants deny Plaintiff is entitled to any such relief or recovery. Defendants admit Lincoln sent a letter to Plaintiff dated May 8, 2024, and to Plaintiff's counsel dated August 8, 2024, and Defendants refer to the letters themselves as the best evidence of their contents. Defendants admit the LTD Plan is an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). Defendants admit Lincoln issued Group Disability Income Policy numbered GD/GF3-890-463022-01 (the "Policy") to SavaSeniorCare, which Policy, at certain times, insured benefits paid by the LTD Plan sponsored by SavaSeniorCare to provide certain benefits to participating, eligible employees of SavaSeniorCare and its affiliates. Defendants admit Plaintiff was, at certain times, employed by SavaSeniorCare and was, at certain times, a participant in the LTD Plan. Defendants deny all remaining allegations contained in the First Unnumbered Paragraph at ECF Page 1 of 107 of the Complaint.

2. Defendants admit that SavaSeniorCare sponsored the LTD Plan to provide certain benefits to participating, eligible employees of SavaSeniorCare and its affiliates. Defendants admit that SavaSeniorCare was properly served in this action. Defendants deny all remaining allegations contained in the Second Unnumbered Paragraph at ECF Page 1 of 107 of the Complaint.

3. Defendants admit that Lincoln was properly served in this action. Defendants deny all remaining allegations contained in the First Unnumbered Paragraph at ECF Page 2 of 107 of the Complaint.

4. To the extent Plaintiff attempts to interpret the Policy, Defendants refer to the Policy itself as the best evidence of its contents. Defendants deny all remaining allegations contained in the Second Unnumbered Paragraph at ECF Page 2 of 107 of the Complaint.

**Legal Standards, De Novo and Abuse of Discretion**

5. To the extent that the Unnumbered Paragraphs of the "Legal Standards, De Novo and Abuse of Discretion" section of the Complaint (at ECF Pages 2-9 of 107) contain legal conclusions, Defendants are not required to answer. To the extent that a response is required to this section of the Complaint, Defendants admit that Lincoln issued the Policy to SavaSeniorCare, which Policy, at certain times, insured benefits paid by the LTD Plan sponsored by SavaSeniorCare to provide certain benefits to participating, eligible employees of SavaSeniorCare and its affiliates. Defendants admit that SavaSeniorCare was the Plan Administrator of the LTD Plan and that Lincoln was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action and that Plaintiff's claims in the Complaint are governed by ERISA. To the extent Plaintiff attempts to interpret the Policy, Defendants refer to the Policy itself as the best evidence of its contents. Defendants further admit only that, by the Complaint, Plaintiff is seeking recovery of disability benefits from the LTD Plan, and Defendants deny Plaintiff is entitled to any such relief or recovery. Defendants deny that they violated any provision of ERISA and deny all remaining allegations contained in the Unnumbered Paragraphs of the "Legal Standards, De Novo and Abuse of Discretion" section at ECF Pages 3-9 of 107 of the Complaint.

**Summary of ERISA Violations**

6. To the extent that some of the Unnumbered Paragraphs of the "Summary of ERISA Violations" section of the Complaint (at ECF Pages 9-19) are duplicitous of allegations previously stated in the "Legal Standards, De Novo and Abuse of Discretion" section of the Complaint (at ECF Pages 3-9), Defendants incorporate their responses to the "Legal Standards, De Novo and Abuse of Discretion" section of the Complaint by reference as if fully set forth herein.

7. To the extent that the remaining Unnumbered Paragraphs of the "Summary of ERISA Violations" section of the Complaint (at ECF Pages 9-19 of 107) contain legal conclusions, Defendants are not required to answer. To the extent that a response is required to this section of the Complaint, Defendants admit that, by the Complaint, Plaintiff is seeking recovery of disability benefits from the LTD Plan, and Defendants deny Plaintiff is entitled to any such relief or recovery. Defendants admit that Plaintiff's claims in the Complaint are governed by ERISA. Defendants admit that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Defendants admit that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny that they were served with a copy of the Complaint that contains Exhibit A as an attachment. To the extent Plaintiff attempts to interpret the Policy, Defendants refer to the Policy itself as the best evidence of its contents. Defendants specifically deny that Brown and Brown was a "partner" of Lincoln. Defendants deny that they violated any provision of ERISA and deny all remaining allegations contained in the Unnumbered Paragraphs of the "Summary of ERISA Violations" section at ECF Pages 9-19 of 107 of the Complaint.

**Summary of the Claim file provided to the Plaintiff**

8. Defendants admit that Lincoln provided a copy of the administrative record to Plaintiff on May 23, 2024, and to Plaintiff's counsel on May 24, 2024. Defendants deny all remaining allegations contained in the First Unnumbered Paragraph of the "Summary of the Claim file provided to the Plaintiff" section at ECF Page 19 of 107 of the Complaint.

9. To the extent that the remaining Unnumbered Paragraphs of the "Summary of the Claim file provided to the Plaintiff" section of the Complaint (at ECF Pages 19-105 of 107) appear

to be merely copy and paste quotations from various medical records, correspondence, reports, and reviews, Defendants admit that certain medical treatment and complaints of Plaintiff, as well as physician peer reviews, medical reviews, nurse reviews, occupational analysis/vocational reviews, and correspondence are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants admit Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Defendants admit Lincoln sent letters to Plaintiff dated October 25, 2023, March 8, 2024, and April 10, 2024, and Defendants refer to the letters themselves as the best evidence of their contents. Defendants admit Lincoln received appeals of the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants admit Lincoln sent a letter to Plaintiff dated May 8, 2024, and to Plaintiff's counsel dated August 8, 2024, and Defendants refer to the letters themselves as the best evidence of their contents. Specifically the last Unnumbered Paragraph at ECF Page 80 through the top of ECF Page 98 appears to contain quotations or copy and paste of portions of a letter from Lincoln to Plaintiff's counsel and in response Defendants admit that Lincoln sent a letter to Plaintiff's counsel dated August 8, 2024, and Defendants refer to the actual letter itself as the best evidence of its contents. To the extent Plaintiff attempts to interpret the Policy in this section of the Complaint, Defendants refer to the Policy itself as the best evidence of its contents. To the extent that any of the remaining Unnumbered Paragraphs of the "Summary of the Claim file provided to the Plaintiff" section of the Complaint (at ECF Pages 19-105 of 107) contain legal conclusions, Defendants are not required to answer. Defendants deny that they violated any provision of ERISA and deny all remaining allegations contained in the remaining Unnumbered

Paragraph of the "Summary of the Claim file provided to the Plaintiff" section at ECF Pages 19-105 of 107 of the Complaint.

10. Defendants deny all allegations contained in the CLAIM FOR RELIEF section of the Complaint and Paragraphs 1-7 thereunder and deny Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Defendants deny all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to terminate Plaintiff's benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard. Moreover, Defendants' actions regarding Plaintiff's claim were done in good faith, and Lincoln's decision on Plaintiff's claim was based on a reasonable investigation and its good faith belief that its actions were in compliance with applicable laws and regulations and the requirements of the relevant disability benefits policy.

3. Plaintiff's recovery of benefits, if any, from Defendants is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Defendants reserve the right to assert additional defenses.

## LINCOLN'S COUNTERCLAIM

1. In response to the allegations contained in the Complaint, Lincoln asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Lincoln in accordance with the terms of the document governing the LTD Plan. Lincoln also seeks a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Lincoln or the Social Security Administration currently in the possession of Plaintiff. Additionally, Lincoln seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Lincoln. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the document governing the LTD Plan, Plaintiff is obligated and specifically agreed to reimburse Lincoln for the retroactive amounts Plaintiff received from the Social Security Administration. Plaintiff has failed and refused to make reimbursement to Lincoln in breach of the terms of the LTD Plan. Lincoln is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

## PRAYER

Defendants request that the Court enter judgment that Plaintiff recover nothing by this action; enter judgment in Lincoln's favor on its counterclaim; order a constructive trust and/or other equitable relief to secure Lincoln's reimbursement of benefits Plaintiff received from Lincoln or the Social Security Administration; that Defendants be awarded their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Defendants be awarded such other and further relief to which they may show themselves entitled.

Dated this 25th day of November 2025.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY-IN-CHARGE FOR DEFENDANTS

- AND -

Linda P. Wills
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
909 Fannin Street, Suite 3300
Houston, Texas 77010
Main: (713) 353.2000 (Main)
Fax: (713) 785.7780 (Fax)
Email: linda.wills@wilsonelser.com

ATTORNEY FOR DEFENDANT SAVASENIORCARE ADMINISTRATIVE AND CONSULTING SERVICES LLC F/K/A SAVASENIORCARE ADMINISTRATIVE SERVICES LLC

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Mark A. Di Carlo
Email: mark@markdicarlo.com

November 25, 2025 — Date

/s/ Iwana Rademaekers
Iwana Rademaekers