**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Kimberly Frakes,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-CV-03727** |
| | § | |
| **Lincoln Life Assurance Company of Boston; Lincoln Financial Group A.K.A. and D.B.A. The Lincoln National Life Insurance Company Disability and Life Claims; SavaSeniorCare Administrative Services,** | ) ) ) ) ) ) | |
| | § | |
| **Defendants.** | § | |

---

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26 (f)**

---

Pursuant to FEDERAL RULES OF CIVIL PROCEDURE and this Court's Order for Conference and Disclosure of Interested Parties, Kimberly Frakes ("Plaintiff") and Defendants Lincoln Life Assurance Company of Boston and Lincoln Financial Group a/k/a and d/b/a The Lincoln National Life Insurance Company (collectively "Lincoln")[1] and SavaSeniorCare Administrative and Consulting LLC f/k/a SavaSeniorCare Administrative Services LLC ("SavaSeniorCare") (Lincoln and SavaSeniorCare collectively "Defendants") provide the following:

[1] The correct name of the Lincoln Defendant in this action is The Lincoln National Life Insurance Company. The Lincoln National Life Insurance Company (incorrectly named in the Complaint as "The Lincoln National Life Insurance Company Disability and Life Claims") was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston) was the issuer of the relevant disability insurance policy. However, Lincoln Life Assurance Company of Boston has now merged with The Lincoln National Life Insurance Company. There is no entity named "Lincoln Financial Group" as that is the marketing name for Lincoln National Corporation and its affiliates. Accordingly, "The Lincoln National Life Insurance Company" is the correct name of the Lincoln Defendant in this action.

**1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

Counsel for the parties conferred on December 11, 2025. Mark A. Di Carlo attended on behalf of Plaintiff and Iwana Rademaekers attended on behalf of Defendants.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3. Briefly describe what this case is about.**

**Plaintiff's Statement:** Plaintiff sues under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), to recover additional long-term disability ("LTD") benefits under an employee welfare benefit plan established and maintained by her former employer SavaSeniorCare Administrative and Consulting LLC. Plaintiff asserts that Defendants wrongfully terminated Plaintiff's Long Term Disability ("LTD") benefits owed to her per the LTD Policy. Lincoln, as the claims administrator for the LTD Policy, denied Plaintiff's claims for further LTD benefits under the terms of the Policy. Plaintiff disputes that determination and seeks to recover LTD benefits. The Plaintiff asserts that under applicable law that the defendant is not entitled to an offset for Social Security Disability benefits, based on the wording of the policy.

**Defendants' Statement:** Defendants deny that Plaintiff is entitled to any relief by this action and Lincoln further contends that it is entitled to recover benefits previously paid to Plaintiff under the terms of the Plan. As Plaintiff's claim arises under ERISA and the policy contains discretionary language, the Court must review the claim decision under the abuse of discretion standard, and the decision reached with regard to Plaintiff's claim for benefits was not an abuse of discretion. Alternatively, any recovery by Plaintiff must be reduced by other income earned by Plaintiff, including income from the Social Security Administration. Lincoln has filed a counterclaim for recovery of the overpayment of benefits.

**4. Specify the allegation of federal jurisdiction.**

This Court has jurisdiction of this matter pursuant to 29 U.S.C. §1132(c) in that Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sec. 1001, et seq. as Plaintiff seeks benefits under an ERISA employee welfare benefit plan.

**5. Identify the parties who disagree and the reasons.**

None.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The parties do not anticipate additional parties at this time.

**7. List anticipated interventions.**

None.

**8. Describe class-action or collective-action issues.**

None.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The Plaintiff and Defendants have exchanged the computation of damages pursuant to Rule 26(a)(1).

**Plaintiff's Statement:** The Plaintiff asserts that this is not an action for review on the administrative record. The Plaintiff stated in their lawsuit that Lincoln was not granted discretionary review, and the case would be reviewed under the de novo standard; and, the Plaintiff has an opportunity to bring in new evidence. (Doc. 1, p 12). The Plaintiff attached to the complaint a copy of the Social Security "Notice of Decision - Fully Favorable" by a Federal Administrative Law Judge dated March 25, 2025. (Doc. 1-1) The Decision is not part of the Administrative Record, but the Defendant filed a counterclaim for the overpayment of benefits based upon an offset for social security disability the Plaintiff was paid. The Plaintiff, therefore, has tendered the Social Security Disability "Notice of Decision" in the lawsuit. The Fully Favorable decision should be part of the administrative record because the policy dictates that to qualify for Long Term Disability the Plaintiff must apply for Social Security Disability, and are requesting a counterclaim and set off for social security disability benefits. The Plaintiff may submit additional documents and supplements to the record on or before July 28, 2026, the Deadline for completion of Discovery.

**Defendants' Statement:** Defendants assert that this is an action for review on the administrative record, which is exempt from initial disclosures under Fed. R. Civ. P. 26(a)(1)(B)(i). Defendants state that the relevant policy contains discretionary language to invoke the abuse of discretion standard of review. The complete administrative record was produced by Defendants to Plaintiff on November 10, 2025.

**10. Describe the proposed discovery, including:**

**A. Responses to the matters covered in Rule 26(f).**

**Plaintiff's Statement:** The Plaintiff asserts that the appropriate standard of review is "de novo" for various reasons alleged: The administrator is not designated in the

policy; and, based upon the plan's language such as whether the plan documents granted discretionary authority to Lincoln. (Doc. 1, pp 5-6, 12-15)

**Defendants' Statement:** Plaintiff's claims are governed by ERISA. Defendants state that the relevant policy contains discretionary language sufficient to invoke the abuse of discretion standard of review. Because the abuse of discretion standard is the appropriate standard of review in this action, discovery should be limited to the administrative record relevant to Plaintiff's claim for benefits and possibly the degree of any conflict by Lincoln if appropriate in this action. Defendants produced the complete administrative record to Plaintiff on November 10, 2025, and Defendants do not anticipate the need for any special discovery arrangements modifying the local rules or the Federal Rules of Civil Procedure.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

To Defendants by February 23, 2026.

**C. When and to whom the defendants anticipates it may send interrogatories.**

To Plaintiff by February 23, 2026.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

None at this time.

**E. Of whom and by when the defendants anticipates taking oral depositions.**

None at this time.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

The only experts relate to attorney's fees and the parties agree to submit any fee issues to the Court to decide after the underlying case is decided.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

None.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date.**

None.

**11. If the parties are not agreed on all or part of the discovery plan, describe the separate views and proposals of each party.**

The parties agree on the discovery plan.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13. State the date the planned discovery can reasonably be completed.**

The parties anticipate that discovery can be reasonably completed by July 28, 2026.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties discussed resolving this matter through informal settlement negotiations following Plaintiff's review of the Administrative Record.

**15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties believe that non-binding mediation is an appropriate alternative dispute resolution method for resolving this matter if their discussions are not successful. The Parties believe mediation will be most effective after the completion of discovery and prior to the dispositive motion deadline.

**16. Magistrate judges may now hear jury and nonjury trials. State the parties' joint position on a trial before a magistrate judge.**

The parties do not agree to proceed before a magistrate judge.

**17. State whether a jury demand has been made and if it was made on time.**

No jury demand was made.

**18. Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate that it will take 8-12 hours to present the evidence in this case, if a trial is needed.

**19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**20. List other pending motions.**

None.

**21. List issues or matters, including discovery, to be addressed at the conference.**

None.

**22. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Plaintiff filed her certificate of interested parties on November 26, 2025.

Defendants filed their certificate of interested parties on November 25, 2025.

**23. List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

**<u>Plaintiff's Counsel:</u>**

MARK A. DI CARLO, PLLC

Mark A. Di Carlo
State Bar of Texas No. 05812510
S.D. of Texas No. 6839
La Solana Building
722 Elizabeth St.
Corpus Christi, TX 78404
PH: (361) 888-6968
FAX (361) 887-6410
Email: markdicarlo722@gmail.com

**<u>Defendants' Counsel:</u>**

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

Iwana Rademaekers
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

Attorney-In-Charge for Defendants

- AND -

Linda P. Wills
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
909 Fannin Street, Suite 3300
Houston, Texas 77010
Main: (713) 353.2000 (Main)
Fax: (713) 785.7780 (Fax)
Email: linda.wills@wilsonelser.com

Co-Counsel for Defendant Savaseniorcare Administrative and Consulting Services LLC f/k/a Savaseniorcare Administrative Services LLC

/s/ *Mark A. Di Carlo* December 16, 2025
**Counsel for Plaintiff** Date

*/s/ Iwana Rademaekers* December 16, 2025
**Counsel for Defendants** Date